IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JEFFREY BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:10-cv-1427 |
| ) | |
| HSBC MORTGAGE CORPORATION, *et al.*, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter comes before the court on Defendants' Motion to Dismiss the Amended Complaint (Dkt. No. 64) pursuant to FED. R. CIV. P. 12(b)(6) and Plaintiff's Motion to bring witnesses (Dkt. No. 70). The matter has been briefed and the Court finds that oral argument is not necessary. Upon careful consideration of the motions and accompanying memoranda of the parties, for the reasons explained herein and for good cause appearing, the Motion to Dismiss is hereby GRANTED and the Plaintiff's Motion is hereby DENIED as moot.

This action arises out of a mortgage loan transaction between pro se Plaintiff Jeffrey Brown and defendant HSBC Mortgage Corporation and its agent Debra Bassett, and a subsequent foreclosure proceeding conducted by the Defendant law firm of Bierman, Giesing & Ward.

To survive a motion to dismiss, the plaintiff's complaint must contain sufficient facts, which if accepted as true, state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim has facial plausibility when the plaintiff pleads facts from which the court can draw the inference that the defendants are liable for the alleged misconduct.

1

*Id.* Threadbare recitals of the elements of a cause of action do not suffice. *Id.* Plaintiff in this matter has filed his complaint pro se. Construing the pleading "so as to do justice" as required by Federal Rule 8(e), this Court has held the Plaintiff's amended complaint to a less stringent standard than "formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, the complaint fails to state a claim upon which relief can be granted.

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must determine whether the complaint is legally and factually sufficient. See Fed.R.Civ.P. 12(b)(6); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir.2008). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. *See, e.g., Ashcroft*, 129 S.Ct. at 1949-50; *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir.2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302 (quotation omitted). Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights. Ltd.*, 551 U.S. 308, 322 (2007).

Plaintiff's complaint alleges fraud on the part of the Defendants, thereby implicating Rule 9(b), requiring a party alleging fraud to "state with particularity the circumstances constituting fraud[.]" FED.R.CIV.P. 9(b). The Fourth Circuit has defined the "circumstances constituting fraud" to include "the time, place, and contents of the false representations," as well as the identity of the party making the misrepresentation and what was obtained by making the misrepresentation. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th

Cir.1999) (citation omitted). Claims for fraud must allege the following elements: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled. *State Farm Mut. Auto. Ins. Co. v. Remley*, 618 S.E.2d 316, 321 (Va. 2005)(citations omitted).

As to Counts I and II, Plaintiff's complaint for Civil Fraud fails to properly allege fraud and is therefore DISMISSED. While the Amended Complaint contains more specific allegations than the original complaint as to the nature and timing of the alleged misrepresentations, those statements, if they are assumed to have occurred and to be false, did not result in the damage for which the Plaintiff demands relief. Critically, Plaintiff fails to allege reliance on the statements alleged to have been false representations of material facts. The factual allegations in the Amended Complaint indicate that if anything, the Plaintiff acted is if he believed the statements to be untrue, and therefore did not rely upon them to his detriment. It is well-settled in Virginia law that a plaintiff's reliance must be reasonable and justified, elements also missing from the Complaint. "In order to prove reliance, a plaintiff must demonstrate that its reliance upon the representation was reasonable and justified." *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 630 (4th Cir.1999) (quoting *Meridian Title Ins. Co. v. Lilly Homes, Inc.*, 735 F.Supp. 182, 185 (E.D.Va.1990)). Among other inadequacies, Plaintiff has failed to plead reliance and resulting damage. Therefore, Counts I and II are hereby DISMISSED for failure to state a claim for fraud.

As to Count III, captioned as "Failure to Provide Proof of Standing to Foreclose," this Count is DISMISSED. Plaintiff's Amended Complaint generally asserts a "show me the note"-type claim, alleging that Defendants must prove before this Court their authority or "standing" to foreclose on the property. The claim is contrary to Virginia's non-judicial foreclosure laws.

3

Section 55-59.1 of the Virginia Code states that if a note secured by a deed of trust is unavailable, "a trustee may nonetheless proceed to sale, provided the beneficiary has given written notice to the person required to pay the instrument that the instrument is unavailable." Va. Code §55-59.1(B). In this case, Plaintiff failed to make payments on the mortgage and went into default. Plaintiff received correspondence from the Defendant law firm, including a notice of intent to foreclose, and indicating that the note could not be produced. The notice references Va. Code §55-59.1 (B). (*See* Amended Complaint, ¶¶ 37-40).

Plaintiff complains that the subject note has been securitized and therefore rendered unenforceable as to him. Plaintiff presents no plausible legal argument to bolster this assertion, and even if he did, securitization of the note would provide him no excuse for failing to meet his obligations to the lender. HSBC is the original lender and is named as the lender in the Note and Deed of Trust, and HSBC is the party initiating the foreclosure actions. Whether or not there has been transfer of the loan, there are no facts alleged which would relieve Plaintiff of his obligation to pay. The Fourth Circuit roundly rejected such an argument in *Horvath v. Bank of New York*. There, the plaintiff alleged that the securitization of his mortgage note voided anyone else's claim to title over the property, "meaning he now owned the property free and clear despite having defaulted on the loan." *Horvath v. Bank of New York*, 2011 U.S. App. LEXIS 10152, at *3 (4th Cir. May 19, 2011). *See also Tapia v. U.S. Bank, N.A.*, 718 F.Supp.2d 689 (E.D.Va.,2010). As there, in this case there is no dispute that the Plaintiff is in default on his obligations and no dispute that the terms of payment to HSBC remained unaltered.

As to Count IV, Civil RICO violations, the Plaintiff attempts to allege violations of 18 U.S.C. §1962(c), and presumably (d). Under 18 U.S.C. §1962(c) and (d):

> "(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or

4

participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
**(d)** It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C. §1962(c)-(d).

The elements of a civil RICO claim are: "(1) the conduct (2) of an enterprise (3) through a pattern of racketeering activity." *Salinas v. United States,* 522 U.S. 52, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997). Rule 9(b) applies to claims sounding in fraud arising under RICO, and a RICO claim alleging fraud as its underlying predicate act must do so with particularity or else be dismissed. *See Kerby v. Mortgage Funding Corp. 992 F.Supp. 787, 799* (D.Md.,1998). Plaintiff's allegations related to the sale of unregistered securities do not state a claim for fraud. Moreover, no "pattern" of racketeering has been alleged, as the only occurrence of fraud that can be inferred from the Amended Complaint relates to nondisclosures and misrepresentations with respect to the Plaintiff's mortgage. See 18 U.S.C. § 1961(5) (defining a "pattern of racketeering activity" as requiring "at least two acts of racketeering activity, one of which occurred with ten years ... after the commission of the prior act of racketeering activity").

A plaintiff must also show that he was injured in his property or business as a result of the RICO violations. *See Field v. GMAC LLC,* 660 F.Supp.2d 679, 686 (E.D.Va.2008). In order adequately to allege this element, the Fourth Circuit has indicated that U.S. Supreme Court precedent "instructs us to employ a traditional causation analysis in determining whether a RICO plaintiff has been injured 'by reason of' a section 1962 violation." *Busby v. Crown Supply, Inc.,* 896 F.2d 833, 839–40 (4th Cir.1990). Cited in *Field v. GMAC LLC,* 660 F.Supp.2d 679, 686 (E.D.Va.,2008). Plaintiff's RICO claims fail for the reasons his fraud claims failed in Counts I and II. For these reasons, Count IV is DISMISSED.

As to Count V, allegations regarding the Truth in Lending Act (TILA), the Amended Complaint is insufficiently plead and is therefore DISMISSED. Plaintiff alleges that he was not provided with required disclosures giving rise to a right to rescind. (Amended Complaint ¶98). Plaintiff fails to allege a present ability to tender, a prerequisite to a TILA rescission. Under the TILA, a consumer who has not been provided with the required loan disclosures may rescind a home refinance loan for up to three years from the time of the loan, and is entitled to be refunded all interest payments and finance charges that were paid on the loan. Borrowers may decide to invoke the rescission when facing foreclosure, as long as it is within three years of the loan closing. Under TILA, a borrower who rescinds is required to tender the net loan proceeds to the lender, 15 U.S.C. § 1635(b), as the remedy seeks to restore the parties involved in the credit transaction to the "status quo ante." *American Mortgage Network v. Shelton*, 486 F.3d 815, 820 (4th Cir. 2007). Rescission is effected in a three-step process laid out in TILA regulations. *See* 15 U.S.C. § 1635(b); 12 C.F.R. §§ 226.15(d)(1), 226.23(d)(1). First, the security interest in the home is voided and the borrower is not liable for any further payments. Second, the bank/creditor has 20 days to refund any payments made in connection with the loan. Third, the borrower must tender the proceeds of the loan. Rescission should not be granted where it is clear that the obligor cannot or will not tender the borrowed funds to the creditor. *American Mortg. Network, Inc. v. Shelton*, 486 F.3d 815, 815 (4th Cir. 2007), *See also Little v. Bank of America*, 2011 WL 144911, *8, ---F.Supp.2d--- (E.D.Va. Jan. 3, 2011). In the Fourth Circuit, "unilateral notification of cancellation does not automatically void the loan contract." *Shelton*, 486 F.3d at 821. A plaintiff must allege that the loan proceeds can be repaid in order to survive dismissal. Plaintiff in this case has failed to do so.

With respect to pleadings under TILA, this Court has found that a representation of intention to tender may survive a motion to dismiss where "[T]he Complaint sufficiently alleges that Plaintiff can and will tender the loan proceeds either by: (1) refinancing [the] home; or (2) selling [the] home and using "the net proceeds from such sale ... to make such tender." *Moore v. Wells Fargo Bank, N.A.*, 597 F.Supp.2d 612, 616 (E.D.Va.,2009)(holding that the matter could not be resolved at the motion to dismiss stage because of a factual dispute as to whether the mortgagor was capable of tendering upon rescission). Assuming the allegation that Plaintiff was not provided with the appropriate TILA disclosures is true, the Complaint is nevertheless deficient because there is no representation or indication that Plaintiff is willing or may become able to tender the proceeds of the loan.

As to the claims in Count V related to the Real Estate Settlement Procedures Act (RESPA), the factual allegations fail to support relief and therefore RESPA-related claims are DISMISSED. Plaintiff's RESPA claims under 12 U.S.C. §2607 are barred by the one year statute of limitations. 12 U.S.C. §2614. Plaintiff's closing occurred in June 2008 and his suit was filed in September 2010. Plaintiff makes allegations that because he allegedly did not receive disclosures, certain charges are therefore illegal kickbacks (Amended Complaint ¶104). None of these allegations implicate the extended statutory period. *See Humphrey v. Global Equity Lending, Inc.*, 2008 WL 5262769, *4 (E.D.Va., 2008).

RESPA extends the statutory period to three years for actions pursuant to §2605. 12 U.S.C. §2614. Section 2605 enumerates certain responsibilities of loan servicers to borrower inquiries such as:

> **(B)** after conducting an investigation, provide the borrower with a written explanation or clarification that includes--

>> (i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and
>
>> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or
>
> (C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes--
>
>> (i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and
>
>> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower." 12 U.S.C. §2605.

To the extent that Plaintiff intends to bring the claim under §2605, it also fails. The factual statements in the Amended Complaint and accompanying exhibits indicate that HSBC responded according to the requirements of RESPA, but Plaintiff was not satisfied with the information he received in response. This does not state a plausible claim for relief.

As to the allegations relating to the Fair Debt Collection Practices Act, the Amended Complaint is insufficient and is DISMISSED. Plaintiff's Amended Complaint states that he failed to make his mortgage payments to HSBC because he was unsatisfied with the "debt validation" to which he believed himself to be entitled. (Amended Complaint ¶¶107-108). Assuming that any of the named Defendants are liable as debt collectors under the act, a conclusion that this Court cannot properly reach, Plaintiff's complaint reveals that the FDCPA claims are based on reports of the debt Plaintiff was "tricked and deceived into signing" (Amended Complaint ¶¶107-108). These conclusory allegations are devoid of facts and cannot form the basis of a complaint. The FDCPA claims are therefore DISMISSED.

Count VI of the Amended Complaint for Slander of Title details an elaborate diatribe against mortgage backed securities and the mortgage industry as a whole. The Count is

8

DISMISSED for failure to present any cognizable legal claim or facts which could constitute a legal cause of action. Under Virginia law, to establish a cause of action for slander of title, "the plaintiff must prove that the defendant maliciously published false words, which disparaged plaintiff's property causing the plaintiff to suffer special damages." *Warren v. Bank of Marion*, 618 F. Supp. 317, 320 (W.D. Va. 1985). Plaintiff here seems to believe that the securitization of his loan on the secondary mortgage market constitutes a wrongful act which entitles him to relief. However, as this Court has already held, the securitization of the Plaintiff's loan is neither unlawful nor unauthorized, and does not constitute malice on the part of the Defendants. Accordingly, Count VI for Slander of Title is hereby DISMISSED for failure to state a claim.

Count VII for unjust enrichment continues the Plaintiff's protestations about the mortgage industry. The allegations are based on a presumed "implied contract" between Plaintiff and Defendants that has no basis in law. (Amended Complaint ¶125). Plaintiff claims entitlement to equitable relief in the form of damages because "Defendants have also been additionally enriched through the receipt of payment from third parties including...Federal bail out from the taxpayer money." (Amended Complaint ¶128). There is no legal basis for such relief, and accordingly this count is DISMISSED.

Count VIII for Civil Conspiracy is DISMISSED for failure to state any colorable claim.

Count IX for Breach of Fiduciary duty against Beirman & Geesing, Basset and Slater is likewise DISMISSED. Plaintiff alleges that the Defendants had a fiduciary duty "to both disclose truthful information and foreclose only upon a valid note" and "failed to provide the information Plaintiff requested, failed to verify the validity of the Plaintiff debt." (Amended Complaint ¶¶ 140- 141). The statement about the alleged fiduciary duty is a legal conclusion not entitled to the assumption of truth; and the factual statement, even if presumed to be true, states no legal claim.

To the extent that this claim is based in the Plaintiff's erroneous belief that the Defendants must prove a right to foreclose, the Amended Complaint fails to state a claim and is DISMISSED for the reasons that Count III is dismissed. Plaintiff has failed to allege a factual basis to raise any other plausible claim for breach of fiduciary duty on the part of the Defendants.

Defendants argue that the action should be dismissed as precluded by the doctrine of res judicata because the Plaintiff's claims are based on the same factual circumstances that were dismissed by the Court in December, 2010 (Civil Action No. 1:10-cv-1118). The doctrine requires (1) a judgment on the merits in a prior suit, (2) that resolved claims by the same parties, and (3) a subsequent suit based on the same cause of action. *See Aliff v. Joy Manufacturing Co.*, 914 F.2d 39, 42 (4th Cir.1990), *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir.2004). This Court previously found that Judge Lee's order dismissing the prior case for failure to file a response was not an adjudication on the merits for res judicata purposes. The initial complaint was not dismissed on res judicata grounds and the Defendants have not presented this Court with any reason why the Amended Complaint should be. The Amended Complaint is not dismissed on res judicata grounds.

As the Amended Complaint has failed to set forth plausible grounds for relief with respect to the foreclosure of his property, the Plaintiff's request for Declaratory Judgment is DENIED.

For the reasons explained herein, this Court finds the Amended Complaint insufficient in many respects. Accordingly, the motion to dismiss is GRANTED and the matter is DISMISSED.

Counts I, II, III, and VI are DISMISSED WITH PREJUDICE in light of the Amended Complaint's fundamental deficiencies in the theory of liability. *See Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). Here, Plaintiff has exhaustively plead the facts

of his case in a 50 page Amended Complaint with many attached exhibits, and has nevertheless failed to state a claim that the law recognizes. Including the Complaint in the prior case, the Amended Complaint here is the third iteration of Brown's grievances to be brought before the Court. This Court finds that further amendment would be futile.

Before refiling a further amended complaint on the claims dismissed without prejudice, Plaintiff is on notice that sanctions may be imposed pursuant to Federal Rule of Civil Procedure 11 for any future claims brought that are frivolous or without evidentiary support. Plaintiff is on notice to conform any future pleadings with the Local Rules of this Court.

July 22, 2011
Alexandria, VA

/s/
Liam O'Grady
United States District Judge